J-A12029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN W. ANDERSON, | |
| Appellant | No. 2671 EDA 2015 |

Appeal from the Judgment of Sentence July 10, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-0000450-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS,[*] P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 27, 2016**

Appellant, Jonathan W. Anderson, appeals from the judgment of sentence entered by the Honorable F.P. Kimberly McFadden, Northampton County Court of Common Pleas. We affirm.

The relevant facts and procedural history are as follows. On August 14, 2014, Anderson was driving a vehicle in Williams Township, Northampton County, while high on morphine. Anderson allowed his vehicle to drift from the roadway and struck Nicholas Brutts, a young man who had been walking on the side of the road with a friend. Ultimately, Brutts died from the injuries caused by Anderson's actions.

---

[*] Former Justice specially assigned to the Superior Court.

Anderson was charged with twelve offenses, including homicide by vehicle while driving under the influence,[1] homicide by vehicle,[2] and involuntary manslaughter.[3] On May 14, 2015, Anderson entered an "open" guilty plea[4] to homicide by vehicle while driving under the influence, driving under the influence of a controlled substance,[5] possession of drug paraphernalia,[6] and recklessly endangering another person.[7]

Following Anderson's guilty plea to the above-mentioned charges, the trial court imposed an aggregate term of 60 to 155 months' imprisonment, consisting of 48 to 120 months for homicide by vehicle while driving under the influence, 6 to 23 months of consecutive imprisonment for recklessly endangering another person, and 6 to 12 months of consecutive imprisonment for possession of drug paraphernalia. The trial court found that driving under the influence of a controlled substance merged with homicide by vehicle while driving under the influence for sentencing

---

[1] 75 Pa.C.S. § 3735(a).

[2] 75 Pa.C.S. § 3732(a).

[3] 18 Pa.C.S. § 2540(a).

[4] An "open" plea agreement does not include a negotiated sentence. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).

[5] 75 Pa.C.S. § 3802(d)(2).

[6] 35 Pa.C.S. § 780-113(a)(32).

[7] 18 Pa.C.S. § 2705.

purposes. Anderson filed a post-sentence motion, which the trial court denied. This timely appeal followed.

On appeal, Anderson's challenges the discretionary aspects of his sentence.[8] Anderson argues that the sentence imposed by the trial court was manifestly unreasonable. To do so, Anderson relies upon two arguments.[9] First, Anderson argues that the trial court abused its discretion by sentencing him to aggravated range sentences and running the sentences consecutively. *See* Appellant's Brief, at 7. Second, Anderson argues that the sentence imposed was improper because the trial court imposed a sentence outside the standard range without offering adequate reasons for the sentence. *See id*. Anderson concedes that both arguments constitute challenges to the discretionary aspects of his sentence. *See id*.

Anderson preserved his argument concerning the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical

---

[8] The "open" guilty plea permits Anderson to challenge the discretionary aspects of his sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

[9] Throughout his brief, Anderson raises additional arguments to challenge the discretionary aspects of his sentence. Specifically, Anderson argues that the trial court improperly relied upon factors that are elements of the charged offenses, failed to consider mitigating factors, and failed to issue a contemporaneous written statement to support its sentence. *See* Appellant's Brief, at 10-11. However, because Anderson failed to raise these specific arguments in his 2119(f) statement, he has waived them on appeal. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Shugars*, 895 A.2d 1270, 1273 (Pa. Super. 2006).

compliance with the requirements to challenge the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." *Id*. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted); *see also* Pa.R.A.P. 2119(f). In the present case, Anderson's appellate brief contains the requisite Rule 2119(f) concise statement.

First, Anderson contends in his Rule 2119(f) statement that the trial court abused its discretion by sentencing him in the aggravated range and running the sentences consecutively, creating a manifestly unreasonable sentence. Essentially, through this argument, Anderson is objecting to the consecutive nature of his sentence.

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). The sentencing court "has the discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Id*. (citation omitted); *see also* 42 Pa.C.S.A. § 9721(a); *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72 (citation omitted).

An "extreme circumstance" is not present here. The trial court acted well within its discretion in imposing consecutive sentences. Additionally, Anderson was charged with the offenses of homicide by vehicle while driving under the influence and recklessly endangering another person as a result of

his actions in relation to two different victims, running these sentences concurrently would allow Anderson a "volume discount" for his crimes. **See Hoag**, 665 A.2d at 1214. Given Anderson's history of failed attempts at rehabilitation, and the extreme emotional harm that Anderson inflicted on his victim's family, we find no abuse of discretion with the trial court's conclusion that a sentence of 60 to 155 months' imprisonment is reasonable and not excessive. Accordingly, Anderson's first challenge to the discretionary aspects of his sentence is without merit; it does not even raise a substantial question for our review.

Finally, Anderson argues in his Rule 2119(f) statement that the trial court abused its discretion by imposing a sentence outside of the standard range of the sentencing guidelines without a meaningful consideration of the statutory factors. Anderson cites **Commonwealth v. Goggins**, 748 A.2d 721 (Pa. Super. 2000), for the proposition that imposing a sentence outside of the standard range of the sentencing guidelines without stating adequate reasons raises a substantial question for appellate review. **See** Appellant's Brief, at 7. However, Anderson's belief that **Goggins** stands for this proposition is simply wrong. **Goggins** elucidates that a sentence imposed outside of the guideline ranges, which includes *both* standard range and mitigated/aggravated range sentences, imposed without specifying sufficient reasons presents a substantial question for review. **See Goggins**, 748 A.2d at 728. Here, Anderson's sentences for possession of drug paraphernalia and recklessly endangering another person *do* fall outside of the guideline

ranges. Therefore, despite Anderson's misunderstanding of the holding in *Goggins*, we find that Anderson presented a substantial question for review.

Our standard of review of a challenge to the discretionary aspects of sentencing is well-settled.

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003) (quotation omitted).

In imposing a sentence, the sentencing court must consider relevant statutory factors, including "the protection of the public, gravity of an offense in relation to impact on victim and community, and rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A sentencing court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-63 (Pa. 2007). While the court is required to consider the sentence ranges set forth in the sentencing guidelines, it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). The sentencing court may depart from the guidelines, "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular

offense as it related to the impact on the life of the victim and the community." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001).

Initially, we note that the trial court reviewed the pre-sentence investigation report. *See* N.T., Sentencing, 7/10/15 at 3. Where the trial court had the benefit of reviewing a pre-sentence investigation report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those consideration along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal publication, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). As the trial court in this case had the benefit of a pre-sentence report, we must presume that it considered all relevant sentencing factors and did not impose an unreasonable sentence.

Further, after review of the trial court's statements at sentencing, we are satisfied that the trial court relied upon the proper factors and adequately stated its reasons for imposing sentence. During its exchange with Anderson, the sentencing court noted: (1) Anderson's history of drug and alcohol use and addiction; (2) Anderson's multiple prior attempts at rehabilitation; (3) Anderson's age and family background; (4) the substantial effect Anderson's actions had on Brutts' family and the community; (5) the need to protect the public; and (6) Anderson's need for drug rehabilitation. **See** N.T. Sentencing, 7/10/15 at 4-8, 10, 18, 19-24. Our analysis of the sentencing court's statements persuades us that the court carefully weighed all of the relevant statutory factors, and determined that a departure from the statutory guidelines was necessary. Further, it is clear that the court relied upon permissible reasons for deviating from the guidelines ranges, including the seriousness of the crime, Anderson's need for rehabilitation, and the impact upon the victim and the community. **See Eby**, 784 A.2d at 206. Therefore, we find that Anderson's final challenge to the discretionary aspects of his sentence merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/2016